(80 South. 153)

## THOMAS v. COOPER.    (5 Div. 255.)

(Court of Appeals of Alabama.   Nov. 19, 1918.)

TRIAL ⚫☞171 — INSTRUCTIONS — AFFIRMATIVE CHARGE.

Where evidence was conflicting, it was error for court to give affirmative charge, where there was no written request therefor; such charge being upon the effect of evidence, which Code 1907, § 5362, requires to be given only on request.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

Action by J. D. Cooper against W. E. Thomas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Middleton & Reynolds, of Clanton, for appellant.

Curry & Walker, of Clanton, for appellee.

BRICKEN, J. This was an action by plaintiff to recover damages of the defendant for an alleged assault and battery. It affirmatively appears from the recitals in the record that after the conclusion of the testimony, which was in conflict, the court ex mero motu in its oral charge gave the affirmative charge for the plaintiff, the court in this connection stating:

"Gentlemen, I give you in this case, for the plaintiff, what we call the affirmative charge in this case. I tell you that it is your duty to find for the plaintiff in this case for whatever damages the plaintiff has sustained."

To this action of the court the defendant reserved an exception. The exception is well taken, as this charge was not requested in writing, and was clearly a charge upon the effect of the evidence, in violation of section 5362 of the Code of 1907. The court is not permitted, under this statute, to charge

---

⚫☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

upon the effect of the evidence, unless required to do so by one of the parties to the cause. No citation of authorities on this question is necessary, for the books are full of them. This error necessitates that the judgment appealed from be reversed, and the cause remanded, and renders it unnecessary to deal with other questions presented on this appeal.

Reversed and remanded.